ORIGINAL

# In the United States Court of Federal Claims

**No. 16-1131C**
**Filed: January 6, 2017**

```
* * * * * * * * * * * * * * * * * *   *
                                     *
MARK STANLEY-BEY,                    *
                                     *
          Plaintiff,                 *
                                     *
v.                                   *
                                     *
UNITED STATES,                       *
                                     *
          Defendant.                 *
                                     *
* * * * * * * * * * * * * * * * *    *
```

**FILED**

JAN - 6 2017

U.S. COURT OF
FEDERAL CLAIMS

**Mark Stanley-Bey**, pro se, San Quentin Prison, CA.

**Douglas T. Hoffman**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him was **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.

**OPINION**

**HORN, J.**

**FINDINGS OF FACT**

Mark Stanley-Bey, who is attempting to appear as a pro se plaintiff, sent a submission, which is in the form of a letter, to the United States Court of Federal Claims containing largely incoherent allegations against a private company, Golden State Care Packages, Inc., and the Department of Justice.[1] Although Mr. Stanley-Bey does not state a claim for relief in his submission, Mr. Stanley-Bey states that he is seeking a "RIGHT TO A TORT REMEDY VIA JUDICIAL ACTION."[2] Moreover, on the first page of his submission, after indicating that it was sent to the court on "9/6/16," the next line states

---

[1] Plaintiff did not identify a defendant in his submission to the court, however, the court's staff attorney's office reviewed Mr. Stanley-Bey's submission and, for whatever reason, directed that a case be opened to initiate an action naming the United States as the defendant.

[2] Capitalization, grammar, punctuation, and other errors quoted in this opinion are as they appear in plaintiff's submissions.

"RE: FILING OF FEDERAL TORT CLAIM IN U.S. COURT OF FEDERAL CLAIMS," followed by:

> DEAR JUDGE: GREETINGS AND SALUTATIONS, AND GOOD DAY TO YOU. <u>PLEASE</u>, FIND ENCLOSED THE ISSUES AT HAND:
>
> - RECENT NOTICE TO FEDERAL AGENT MS. JACKSON – DATED SEPTEMBER 8, 2016
>
> - NOTICE TO MS. JACKSON DATED JULY 29, 2016 – ISSUANCE OF TORT CLAIM NUMBER
>
> - CLAIM PACKAGE WITH PERTINENT INSTRUMENTS ADDRESSING THE ISSUES AT HAND – FORWARDED DECEMBER 31, 2015

In short, Mr. Stanley-Bey's submission looks more like a letter to an unnamed judge than a complaint filed in accordance with Rule 8 of the Rules of the United States Court of Federal Claims (RCFC) (2016). Once Mr. Stanley-Bey's submission was filed and assigned to the undersigned, in the interests of justice, the court, nonetheless, reviewed Mr. Stanley-Bey's submission in an effort to decipher his concerns and to understand the relief he seeks.[3]

The allegations in Mr. Stanley-Bey's submission, although extremely difficult to understand, when interpreted along with facts offered by defendant, appear to revolve around a package Mr. Stanley-Bey received in December 2014 from a private company, Golden State Care Packages, Inc. while incarcerated at San Quentin prison in California. Based on submissions to the court, it appears that the company erroneously sent Mr. Stanley-Bey an incorrect item, specifically, an unordered cable, instead of the cable that he had ordered from the company for use with headphones for himself. Mr. Stanley-Bey alleges that, after receiving the incorrect cable, he sent the item back to the company, but did not receive the correct cable. What followed included a series of letters and claims to the State of California's Victim Compensation & Government Claims Board and to the County of Sacramento seeking investigations into Golden State Care Packages, Inc. as well as requests for monetary recovery of expenses incurred in returning the errant cable. In addition to these submissions to state and local entities, Mr. Stanley-Bey, allegedly, also submitted a "Standard Form 95" to the United States Department of Justice. After allegedly submitting the Standard Form 95, Mr. Stanley-Bey sent the Department of Justice letters requesting "a federal tort number regarding this matter." In response to Mr. Stanley-Bey's letters, a Department of Justice representative wrote letters to him indicating that the office "has no record of receiving a tort claim from you." Having not received a "tort claim number," or what Mr. Stanley-Bey considered a satisfactory

---

[3] Plaintiff filed a motion to proceed <u>in forma pauperis</u>, which this court granted.

response from the Department of Justice, Mr. Stanley-Bey submitted his submission to this court alleging that "BY VIRTURE OF LAW THIS FEDERAL AGENT HAS DEFAULTED. THUS, INVOKING THE LAW THAT CLAIMANT PROCEED WITH JUDICIAL FAVOR." According to Mr. Stanley-Bey, defendant has not provided "VALID REASONS OR JUSTIFICATIONS FOR THE DENIAL OR DELAY OF A CLAIM NUMBER," and "EVEN IF, THE CLAIM WERE TO BE DENIED AFTER A THOROUGH INVESTIGATION OF THE FACTS THEREIN, A CLAIM NUMBER IS PROCEDURE." As noted above, Mr. Stanley-Bey's submission is explicitly described by him as a "FEDERAL TORT CLAIM IN U.S. COURT OF FEDERAL CLAIMS."

Defendant filed a motion to summarily dismiss Mr. Stanley-Bey's case pursuant to RCFC 12(b)(1) and 12(b)(6). Defendant asserts that Mr. Stanley-Bey fails to allege a claim within the court's jurisdiction and fails to state a claim upon which relief can be granted. According to defendant, Mr. Stanley-Bey's submission can be interpreted as either an action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (2012), or an action alleging that the Department of Justice has mishandled Mr. Stanley-Bey's claim. Defendant asserts that, under either interpretation, Mr. Stanley-Bey's case falls outside of this court's subject matter jurisdiction.

Mr. Stanley-Bey failed to timely reply to defendant's motion for summary dismissal, and, as a result, on December 14, 2016, the court issued an order directing Mr. Stanley-Bey to respond on or before December 30, 2016 to defendant's motion to dismiss or to show cause in a filing with the court as to why his case should not be dismissed for failure to prosecute and failure to comply with RCFC 41(b). On December 27, 2016, the court received Mr. Stanley-Bey's untimely submission in response to defendant's motion to dismiss. Although Mr. Stanley-Bey's submission did not comply with the court's rules and did not contain the necessary certificate of service or include copies, Mr. Stanley-Bey's late submission was filed by leave of the court in order to allow the court to review Mr. Stanley-Bey's response in considering defendant's motion to dismiss.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, "'[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'"" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011);

3

<u>Minehan v. United States</u>, 75 Fed. Cl. 249, 253 (2007). "While a <u>pro se</u> plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the <u>pro se</u> plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." <u>Riles v. United States</u>, 93 Fed. Cl. 163, 165 (2010) (citing <u>Hughes v. Rowe</u>, 449 U.S. at 9 and <u>Taylor v. United States</u>, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2002)); <u>see also Shelkofsky v. United States</u>, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995)); <u>Harris v. United States</u>, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting <u>Minehan v. United States</u>, 75 Fed. Cl. at 253)).

As a threshold matter, to the extent Mr. Stanley-Bey attempts to bring claims against Golden State Care Packages, Inc., this court cannot hear such claims. Pursuant to RCFC 10, all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a) (2016); <u>see also</u> 28 U.S.C § 1491(a)(1) (2012). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." <u>United States v. Sherwood</u>, 312 U.S. 584, 588 (1941) (citation omitted); <u>see also Kurt v. United States</u>, 103 Fed. Cl. 384, 386 (2012). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." <u>Stephenson v. United States</u>, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); <u>see also United States v. Sherwood</u>, 312 U.S. at 588; <u>May v. United States</u>, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), <u>aff'd</u>, 293 F. App'x 775 (Fed. Cir. 2008). Although the only proper defendant in this court is the United States, Mr. Stanley-Bey consistently identifies Golden State Care Packages, Inc., as the "(TORT-FEASOR)." Accordingly, because this court cannot consider Mr. Stanley-Bey's claims against any defendant other than the United States, Mr. Stanley-Bey's claim against Golden State Care Packages, Inc., must be dismissed.

Regarding any possible claims by Mr. Stanley-Bey against the United States, defendant has moved to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and RCFC 12(b)(6), for failure to state a claim for which relief may be granted. The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is

commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed. R. Civ. P. 8(a)(1), (2) (2016); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)).  To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint

Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

The court understands Mr. Stanley-Bey's allegations to sound in tort, and, thus, to fall outside of this court's limited jurisdiction. This court does not have jurisdiction to hear tort claims against the United States. See 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."); Kant v. United States, 123 Fed. Cl. 614, 616 (2015). Indeed, the jurisdictional provision identified in plaintiff's complaint, the Federal Tort Claims Act, 28 U.S.C. § 1346, makes tort claims against the United States the exclusive purview of the United States District Courts. See 28 U.S.C. § 1346(b)(1); see also Brown v. United States, 74 Fed. Cl. 546, 549 (2006) ("[T]he FTCA [Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)] grants exclusive jurisdiction to the United States federal district courts regarding tort claims against the United States Government.").

In the above-captioned case, Mr. Stanley-Bey explicitly characterizes the claim he submitted to the court as a "FILING OF FEDERAL TORT CLAIM IN U.S. COURT OF FEDERAL CLAIMS." Moreover, in response to defendant's motion to dismiss, Mr. Stanley-Bey states:

> THROUGHOUT AND HEREIN THE INSTRUMENTS (UNREBUTTED WITNESSES WHICH ARE NOW, PART AND PARCEL, ATTACHMENTS TO THIS AFFIDAVIT AND ARE REQUIRED TO BE REBUTTED BY A SWORN AFFIDAVIT) AND AFFIDAVIT THAT A CLAIM OF FRAUD HAS BEEN DEMONSTRATED, WHICH CONVEYS A CLAIM UPON WHICH RELIEF CAN BE GRANTED, DUE IN WHOLE OR IN PART, THAT THERE IS NO CONTROVERSY – TORT-FEASOR(S)' SILENCE IS AND WAS ACCEPTED AS ACQUIESCE (AGREEMENT) . . .

Mr. Stanley-Bey's submissions to the court try to allege fraud and other tortious conduct on the part of a private company and the United States, however, this court lacks subject matter jurisdiction to hear such tort claims. Therefore, to the extent that Mr. Stanley-Bey

may be attempting to bring tort claims in this court, the court lacks jurisdiction to hear such claims.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss Mr. Stanley-Bey's case is **GRANTED**, and Case No. 16-1131 is **DISMISSED**. The Clerk of Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**